IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**PATRIOT OILFIELD SERVICES, LLC,**

        **Plaintiff,**

**v.** // CIVIL ACTION NO. 1:15CV32
                              (Judge Keeley)

**GREENHUNTER WATER, LLC,**

        **Defendant.**

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION TO DISMISS [DKT. NO. 3]

Pending before the Court is the motion to dismiss filed by the defendant, Greenhunter Water, LLC ("Greenhunter"), on February 27, 2015 (dkt. no. 3). The motion is fully briefed and ripe for review. For the reasons that follow, the Court **GRANTS** the motion.

### BACKGROUND

On December 5, 2013, Patriot Oilfield Services, LLC ("Patriot"), entered into a Master Service Agreement ("MSA") with Greenhunter Water, LLC ("Greenhunter"). On the same date, the parties entered into a "Produced Water Hauling, Wastewater Treatment and Disposal Agreement" ("Water Agreement"). Under the terms of the agreements, Patriot began to supply water to various well sites for Greenhunter. In April, 2014, however, Greenhunter stopped paying Patriot's invoices. According to the complaint, Greenhunter accrued a balance of $228,592.98, which it has refused to pay.

## MOTION TO DISMISS

Greenhunter seeks to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1), (2), (3), and (6). Its motion asserts that Patriot agreed in writing to submit to final, binding arbitration in Dallas, Texas. As a consequence, Greenhunter argues that the Court lacks jurisdiction to hear Patriot's complaint.

The relevant language from the MSA provides that:

> This Agreement shall be construed, governed, interpreted, enforced and litigated, and the relations between the parties determined in accordance with the general maritime law of the United States. If the general maritime law of the United States does not apply, this Agreement shall be construed according to the laws of the State of Texas. <u>Contractor and Company hereby irrevocably submit to the jurisdiction of any state or federal court sitting in Harris County, Texas, in any action or proceeding arising out of or related to this Agreement and agree that neither party shall bring any action or proceeding in any other court or seek to remove any action or proceeding to any other court</u>.

(Dkt. No. 1-2 at 11, ¶ 16) (emphasis added).

The relevant language from the Water Agreement provides that:

> All disputes between [Greenhunter] and Customer arising out of or in connection with this Agreement, or any determination required to be made by [Greenhunter] or Customer as to which the parties disagree shall be settled by arbitration in Dallas, Texas. . . . Any award by the arbitrator shall be final, binding and not appealable . . . .

(Dkt. No. 1-2 at 18).

In response, Patriot claims that this is merely a debt collection issue arising out of services provided in West Virginia. Further, it claims that the MSA and Water Agreement contain conflicting language; specifically, the MSA requires that suit may only be brought in Harris County, Texas, while the Water Agreement mandates binding arbitration in Dallas, Texas. Based on this discrepancy in the two agreements, along with the local nature of the claims, Patriot contends that the Court can exercise jurisdiction over the dispute.

Patriot also asserts that the language of the two agreements is in conflict, but this is unclear. The MSA is an overarching agreement that outlines the parties' relationship and terms under which they will <u>generally</u> operate. The Water Agreement is a subordinate contract to provide certain services in exchange for fees, all of which are prescribed under the terms of that contract. The Water Agreement is subject to the terms of the MSA, except where provided otherwise. (<u>See</u> Dkt. No. 1-2 at 18 ("Additional terms and conditions, including limitation of liability and indemnification, shall apply as detailed in the existing MSA between Company and Customer.")). Accordingly, any dispute arising

from the services provided under the Water Agreement is governed first by the terms and conditions contained therein; only those additional terms from the MSA shall apply. The question remains, however, whether the terms conflict or coexist. The Court first looks at their individual applicability.

I.   **The Arbitration Clause**

Although Greenhunter has not moved to compel arbitration, it does seek to dismiss Patriot's claims based, at least in part, on their written agreement to submit to final, binding arbitration in Dallas, Texas. Under the Federal Arbitration Act ("FAA"), written arbitration agreements "shall be valid, irrevocable, and enforceable . . . ." 9 U.S.C. § 2.[1] Moreover, the "FAA reflects 'a liberal federal policy favoring arbitration agreements.'" Heller v. TriEnergy, Inc., 2012 WL 2740870, at *5 (N.D.W.Va. July 9, 2012) (quoting Adkins v. Labor Ready, Inc., 303 F.3d 496, 500-01 (4th Cir. 2002)). Finally, courts should resolve any doubts concerning the scope of arbitrable issues . . . in favor of arbitration." Hill v. PeopleSoft USA, Inc., 412 F.3d 540, 543 (4th Cir. 2005).

Here, Patriot has made no argument that the arbitration clause

---

[1] Although Greenhunter relies on the FAA, the Water Agreement notes that arbitration shall be subject to the rules of the Texas Arbitration Act.

4

is invalid, unconscionable, or otherwise unenforceable. Indeed, its response does not reference the arbitration clause at all, except to the extent that it allegedly conflicts with the forum selection clause of the MSA. Accordingly, the Court could find that the arbitration clause is enforceable, construe the motion to dismiss as a motion to compel arbitration, and require the parties to submit to binding arbitration in Dallas, Texas. Because the parties did not specifically move to compel arbitration, however, in the Court's view the more prudent course of action is to dismiss the suit pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue based on the forum selection clause.

**II. Forum Selection Clause**

Forum selection clauses are <u>prima facie</u> valid and courts should enforce them unless doing so would be unreasonable under the circumstances. <u>See</u> <u>Sauvageot v. State Farm Mut. Auto. Ins. Co.</u>, 2011 WL 2680508, at *2 (N.D.W.Va. July 8, 2011) (citing <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 10 (1972)). "Forum selection clauses are unreasonable under the federal standard if:

> (1) their formation was induced by fraud or overreaching;
> (2) the complaining party 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the

> selected forum;
> (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or
> (4) their enforcement would contravene a strong public policy of the forum state."

Id. (citing Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996)). The burden of proving unreasonableness is a heavy one. Id. Patriot has not argued, nor does the Court find, that any of these factors applies to the forum selection clause at issue here. Accordingly, the Court **FINDS** the forum selection clause operative and enforceable.

**III. Whether the Terms can Coexist**

Patriot argues that, because the MSA and the Water Agreement conflict, the arbitration and forum selection clauses are essentially invalid and the Court should exercise jurisdiction over the matter. Patriot is mistaken, however, because the signed MSA provides for just such a situation.

The Water Agreement requires all disputes under it to be settled through arbitration. Further, it provides that "additional terms and conditions . . . shall apply as detailed in the existing MSA. . . ." The MSA provides that neither party "shall bring any action or proceeding in any [] court," outside of Harris County, Texas. Notably, however, the MSA also provides that its provisions

"shall prevail over any conflicting provision(s) in any bid or tender documents, service order, purchase order, delivery ticket, invoice or other document provided by either party to the other." (Dkt. No. 1-2 at 7).

Therefore, there are two possible scenarios: Either the terms conflict, or they do not. Unfortunately for Patriot, either scenario means the Court will not hear the case. If the two clauses can coexist,[2] then the Court could compel arbitration under the terms of the Water Agreement. If the terms are in conflict, the language of the MSA provides that its provisions controls, thus, the forum selection clause would be operative. The view of the Court is that the latter scenario prevails. Accordingly, it **FINDS** that the MSA controls[3] and, as noted above, the forum selection clause is operative.

For the reasons discussed, the Court **GRANTS** the motion and **DISMISSES** Patriot's complaint **WITHOUT PREJUDICE** to its right to

---

[2]The argument could be made, although Greenhunter did not make it, that the provision in the MSA requiring that suit be filed only in Texas applies only to those few disputes that might not fall under the arbitration clause, or it could argue that this clause becomes operative only if it waives the arbitration clause.

[3]Moreover, Patriot's complaint claims that it is seeking relief under a breach of the MSA, not the Water Agreement.

file in the appropriate venue.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: February 16, 2016.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE